EEOC Form 5 (06/22)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | U.S. EEOC | |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev., etc.)* | Home Phone | Year of Birth |
|---|---|---|
| Shaila Bernard | (575) 496-5761 | 1971 |

Street Address, City State and ZIP Code

2618 Calmwater Dr., Little Elm, TX 75068

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Raytheon Intelligence and Space | 500 + | (972) 301-0564 |

Street Address, City State and ZIP Code

1717 E CityLine Dr., Richardson, TX 75082

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| 1. Disability, and | Earliest | Latest |
| 2. Retaliation | 3/7/22 | 9/26/23 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Raytheon Intelligence and Space ("Raytheon") discriminated against Shaila Bernard because of her physical disabilities, and then retaliated against her after she opposed the discrimination. Raytheon later failed to engage in the interactive process to identify accommodations for a newly-assigned position, and this refusal led to her wrongful termination in September 2023. The details are as follows.

Shaila Bernard was born with Cerebral Palsy. For her entire life, she has been substantially limited in her ability to move the left side of her body. She therefore walks with a limp and she is unable to use her left hand, so she types with only her right hand. Her disability is apparent to anyone who sees her. Her physical impairments substantially limit one or more major life activities.

On March 7, 2022, Bernard began working for Raytheon as a Principal Software Engineer, and she was initially assigned to work on the Palinode program. Bernard was qualified for the job, and she was able to perform all essential functions without any accommodations.

*The particulars are continued in the attached pages*

| I want this charge filed with both the EEOC and the State agency, the Texas Workforce Commission Civil Rights Division. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| My name is Shaila Bernard. My date of birth is June 29, 1991, and my address is 2618 Calmwater Dr., Little Elm, TX 75068. I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed in Denton County, State of Texas, on the 16 day of February, 2024. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 2/16/2024     *Shaila Bernard*<br>Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

THE PARTICULARS ARE *(Continued)*

During her first three weeks, Bernard worked on site at Raytheon's Richardson location. During this time, Bernard met with and worked with several Raytheon employees who observed the fact that Bernard was substantially limited, including Rachael Biederman, Benny Ray Johnson, Liz Ottwell, Darrell Simon, and Brent Granstaff. Bernard and Ottwell also had a face-to-face discussion in which Bernard told Ottwell she had Cerebral Palsy and had been treated successfully for seizures. Early on, Raytheon knew of Bernard's disabilities.

After the first three weeks, Bernard worked mostly from home. She was told she was awaiting assignment, and she was told to take online leadership and training classes. From time-to-time however, she worked on various tasks assigned to her, and coworkers educated her on the Palinode program. At all times during her employment, Bernard performed the tasks she was assigned, and no supervisor or manager ever told her that she was failing to meet expectations.

During the summer of 2022, Katie Rohler (Project Owner over the Palinode program) began to treat Bernard differently because of Bernard's disability. Rohler and Bernard were on a Zoom meeting and Bernard had shared her computer screen with Rohler, so Rohler could see what Bernard was typing. Rohler expressed her frustration and said something like, can't you type any faster?

Rohler's conduct changed after she observed Bernard's disability. Rohler began subjecting Bernard to increased scrutiny, and for no reason. There was never a problem with Bernard's work product or timeliness, but Rohler began sending instant messages and chats, and more requests to cease what Bernard was doing to jump on a Zoom meeting with Rohler. Rohler developed an inordinate degree of interest in Bernard's work and more specifically, her abilities to do her job. Rohler's increased interest in Bernard's work was puzzling because Bernard was not doing any meaningful work at the time.

Rohler also began talking to and emailing Rachel Biederman, Benny Ray Johnson, and Darrell Simon questioning Bernard's abilities. In turn, Biederman questioned Bernard, asking if she had the qualifications she listed when she applied for the job. Bernard grew frustrated by Rohler's conduct and Biederman's questions, because Bernard just wanted to do her job in peace.

Bernard complained to Biederman and to Liz Ottwell about Rohler's conduct, but nothing improved. Typing speed was not an essential function of the position, and but for her physical disabilities, Bernard believed she would not have been subjected to Rohler's needless intrusions and demeaning questions about her qualifications and abilities.

Bernard discussed her complaints with Biederman, and with Sarah Campo in HR. Rather than acting on Bernard's concerns, on August 1, 2022, Campo sent an email with links to policies and paperwork to fill out.

A few days later, Bernard began having adverse reactions to a COVID-19 booster vaccine, and she became unable to work. Bernard was unable to reach Biederman or Rohler to let them know, but she talked to someone in HR who approved PTO (paid time off) as needed.

About two weeks later, when Bernard was able to resume working, Biederman gave Bernard a verbal warning not to take time off, even if it was medically necessary. Biederman also said she was going to put a written warning in Bernard's file.

On or about November 1, 2022, Biederman told Bernard that Raytheon no longer had any software work to do on the Palinode program, so Bernard was being reassigned to a hardware position where she would have to work hands on with equipment, on site at Raytheon's Richardson location. Bernard told Biederman and Campo that she was physically unable to work with hardware unless Raytheon provided her with reasonable accommodations.

THE PARTICULARS ARE *(Continued)*

Biederman and Campo provided no assistance with Bernard's oral request for reasonable accommodations, so Bernard submitted a formal request in writing.

On November 2, 2022, a Raytheon accommodations nurse emailed a medical certification form to Bernard to be filled out by a doctor and returned within thirty days. The form included a space asking the doctor: "What essential job function(s) listed in the Worksheet is the employee having trouble performing because of the limitation(s)?" However, Raytheon did not provide a Worksheet, or anything else listing the essential job functions of the hardware job she was being reassigned to.

The earliest doctor's appointment Bernard was able to get was in December 2022. Not surprisingly, her doctor was unable to describe the accommodations needed without knowing what the essential job functions were. Bernard therefore asked Raytheon to provide a job description and explain what the essential functions were, but she never got a helpful answer. Bernard even retained an attorney, and on December 9, 2022, her attorney sent Raytheon a letter explaining Bernard's disabilities and the need for reasonable accommodations to perform a hardware position. The letter asked Raytheon to contact Bernard's attorney to discuss resolving things, but Raytheon never responded.

Bernard was ready and willing to work and she never refused the reassignment, but Raytheon never told Bernard what her new hardware job would be or who she would be reporting to. Raytheon never told her what the essential functions of the new job were, and Raytheon never engaged in the interactive process required by the ADA. Instead, Raytheon took the position that Bernard was refusing to work, so the company stopped paying her.

Months passed, and eventually Raytheon terminated Bernard's employment as of September 26, 2023. In an effort to disguise its discriminatory motives and its failure to comply with the ADA, Raytheon characterized Bernard's termination as a reduction in force. However, the total headcount affected by this reduction in force was one person, Shaila Bernard.

Raytheon discriminated against Bernard because of her disability, and then retaliated against her because she requested accommodations and opposed Raytheon's discriminatory conduct. Bernard wants the EEOC and/or the TWC to investigate and take appropriate actions to remediate these violations of applicable laws, including reinstating her to her job with full back pay and retroactive accrual of benefits, plus education and training of Raytheon's supervisors, managers, and Human Resources to eliminate future discrimination.