

ATTORNEYS AT LAW

James Spielberger ‡†
Gabrielle Klepper ✳† ø ★✧‡ ¤
Lisa Scheibly ✳✧✳
Zane Herman ✳ ▽ ✳ ø
Gary Martoccio ✳✳★ ø ÷ ✧ ‡◊
Eric D. Rogers ✳ ø △ ✳ ¤
Kateline Gardiner ✳
Samantha A. Koempel ✳
Raphael Cua ✳ ø
Steven Houston ✳
Diana Estrada ✳

OF COUNSEL:
♦

ONLY LICENSED IN:
† SC
‡ GA
¤ VA
÷ NC
✳ IL
ø TX
✳ FL
★ AZ
△ MD
♦ PA
✧ CO
▽ MI
◊ MA

OFFICES

Charleston
Tampa
Chicago *
Atlanta *
Charlotte *
Raleigh *
Orlando *
Jacksonville*
Ft. Lauderdale
Austin *
Houston *
Dallas *
Philadelphia*
Pittsburgh *
Arlington *
* by apt. only

December 9, 2022

Raytheon Intelligence and Space
Attn: General Counsel
1000 Wilson Blvd.
Arlington, VA 22209

**RE: Your employee Shaila Bernard**

Dear Sir or Madam:

    Shaila Bernard has retained this law firm to represent her regarding her employment claims against Raytheon Intelligence and Space ("Raytheon"). Please direct all future correspondence, communications, and documents regarding this matter to our firm.

    Raytheon is discriminating and retaliating against Ms. Bernard on the basis of her disability in violation of Title I of the Americans with Disabilities Act of 1990 and Texas Labor Code Chapter 21.

    Ms. Bernard suffers from Cerebral Palsy, which substantially limits her major life activities of using the left side of her body, causing her to be substantially limited in using her left arm and to walk with a limp. Ms. Bernard was hired into a hybrid position working both remotely and in person. As her disability is visibly apparent, and Raytheon has repeatedly witnessed her limping and working with only the use of her right arm, Raytheon is aware of Ms. Bernard's disability and related limitations.

    After learning of Ms. Bernard's disability, Katie (Product Owner) began subjecting Ms. Bernard to increased scrutiny, stating that she was going to watch over Ms. Bernard's shoulder. Ms. Bernard objected to the discriminatory increased scrutiny and escalated her concerns to Liz Otwell (Section Lead) and Rachel Bydermann (Manager). However, they refused to take any remedial action and ratified the increased scrutiny telling Ms. Bernard to just "let her micromanage your every move."

    Shortly thereafter, Ms. Bernard suffered severe complications from the COVID-19 vaccine that substantially limited her inner ear and jaw joint function, resulting in severe pain and ringing in her ears. She required the reasonable accommodation of a brief medical leave, and upon her return to work, Katie further harassed Ms. Bernard for her disability and need for



reasonable accommodations, snapping that Ms. Bernard "should never do that," referring to taking a disability related medical leave.

After returning from work, Ms. Bernard continued undergoing treatment for the lasting complications from the COVID-19 vaccine, requiring the reasonable accommodation of intermittent time off two times per week for treatment. Suddenly, in or around November 2022, Ms. Bydermann baselessly removed Ms. Bernard from her position under the pretext that there was no software position available. Raytheon is clearly adversely altering Ms. Bernard's position out of discriminatory and retaliatory animus and setting her up to fail. First, there was no legitimate basis for removing Ms. Bernard from her position, and Raytheon's claim that there was no position available is patently false because Raytheon specifically hired her for a software position. Raytheon would not have been hiring for a position that was not available. Furthermore, Raytheon is willfully and baselessly moving Ms. Bernard from a position that she could perform without use of her left arm without the need for additional accommodations to a position that it knows generally involves use of both arms – intentionally harassing Ms. Bernard on the basis of her disability to try to set her up to fail.

Additionally, the hardware position is an entirely in office position, removing Ms. Bernard from having a hybrid schedule. Not only is the schedule type change adverse, but also, Raytheon is clearly forcing Ms. Bernard to work in person to subject her to further increased scrutiny out of discriminatory and retaliatory animus. Furthermore, the in-office work aggravates her vaccine complication disability as the uncontrolled noise levels exacerbate the ringing in her ears, further demonstrating that Raytheon is adversely altering Ms. Bernard to further harass her based on her disability.

Further demonstrating that Raytheon is setting Ms. Bernard up to fail to establish pretext against her, Ms. Bernard requested her job descriptions so that her doctor could evaluate her restrictions and accommodations; however, the job descriptions that Raytheon provided are not the correct/accurate job descriptions. For instance, Raytheon has repeatedly refused to clearly inform Ms. Bernard what position it is supposedly moving her to, and repeatedly failed to provide her a clear job description for the position. Furthermore, Raytheon provided a supposed copy of what it claims was the job description for the position for which Ms. Bernard initially applied; however, this is also incorrect as the provided description has significant differences from the description of the position to which she applied. For example, the clearance level for the position is different and the skills of the position have been materially altered, including but not limited to multiple references to systems engineering that was not included in her job description. None of these changes accurately reflect the reality of the position or the duties that she was successfully performing demonstrating that Raytheon is attempting to establish pretext to further discriminate and retaliate against Ms. Bernard on the basis of her disability.

Furthermore, Ms. Bernard is not the only employee that Raytheon has been discriminating against based on a disability. For example, Dale Simon (Software) was restricted from getting the COVID-19 vaccine due to his disabilities and required the reasonable accommodation of working primarily remotely to reduce the risk of exposure. Instead of reasonably accommodating him,

# SPIELBERGER
## LAW GROUP

Raytheon began subjecting him to similar discriminatory and retaliatory harassment regarding his job position and forcing him into a position that required him to report into the office. Clearly, Raytheon engages in a pattern and practice of discrimination, retaliation, and failure to provide reasonable accommodations.

Meanwhile, Raytheon continues to discriminate and retaliate against Ms. Bernard by forcing her on unpaid leave out of discriminatory and retaliatory animus and demanding that Ms. Bernard provide a clearance to return to work and accommodation request form. However, Raytheon is failing to engage in the interactive process and inhibiting Ms. Bernard from providing the requested information by refusing to provide a clear job description of the new position that it is discriminatorily and retaliatorily moving Ms. Bernard into.

We are sending this correspondence in order to determine whether this matter can be amicably resolved by the parties prior to our firm taking further action. Please call my office at your earliest convenience to discuss your interest in resolving these issues: (800) 965-1570 ext. 105.

Best regards,

Zane Herman
zane.herman@spielbergerlawgroup.com

cc: Kateline Gardiner, Esq.
Samantha Koempel, Esq.
Diana Estrada, Esq.
Shaila Bernard



## PRESERVATION NOTICE & LITIGATION HOLD

      This letter serves as formal notice of your ongoing legal duty to preserve any and all information relevant to the facts surrounding this claim. Your duty to preserve evidence extends to the following: 1) business records, 2) paper, digital, or electronic files, 3) data generated by and/or stored on you or your client's computers and storage media (e.g., hard disks, floppy disks, backup tapes), 4) any other electronic data, such as: voice mails, text messages, emails, digital/analog audio recordings, 5) any related physical evidence, and 6) any form of video recordings (please prevent the automatic deletion of video footage by preprogrammed deletion cycles). Violations of the legal duty described in this notice can result in severe sanctions being imposed by the Court for spoliation of actual evidence or potential evidence.