UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAILA BERNARD, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:24-CV-2944-X |
| § | |
| RTX CORPORATION, § | |
| § | |
| *Defendant*. § | |

**JOINT PROPOSAL FOR CONTENTS
OF SCHEDULING AND DISCOVERY ORDER**

| | |
|---|---|
| Proposed Date to Complete Discovery | Date: October 31, 2025 |
| Proposed Trial Date, including the number of trial days and whether a jury has been demanded | Date: May 2, 2026<br>Number of Trial Days: 5<br>Jury/Bench: Jury |
| Proposed Motion Deadline | Date: December 2, 2025 |
| Proposed Deadline to file motions for leave to join other parties | Date: May 23, 2025 |
| Proposed Deadline to file motions for leave to amend the pleadings | Date: June 24, 2025 |
| Proposed Deadline to Designate Expert Witnesses (including rebuttal experts) | Date: (1) for a party with the burden of proof on an issue, July 23, 2025; (2) for the opposing party, September 8, 2025 to designate an expert on the issue(s); (3) the first designating party shall then have until October 22, 2025 to designate experts on the issues for which the opposing party designated one or more experts. |
| Proposed Deadline to commence settlement negotiations | Date: The parties commenced settlement discussions on February 7, 2025. |

1

1. **Status report explaining progress made at the meeting and present status of settlement negotiations:**

Pursuant to the Court's January 17, 2025 Order (Doc. 12), Donald E. Uloth (counsel for Plaintiff) and Jason M. Torres (counsel for Defendant) met to confer about the case, which included a discussion about settling the case before additional expenses are incurred. Each counsel agreed that he needed more information before he could make an informed recommendation to his client about the amount and terms of settlement, and each counsel described what he thought he needed before assessing possible settlement.

2. **Advisability of referring the case for mediation:**

The parties wish to discuss settlement further, directly between counsel, to see if the matter can be settled, but if they cannot settle this way the parties will consider mediation. If the parties agree to mediate, they will attempt to agree to a mediator, and a date for mediation.

3. **Do the parties consent to trial (jury or non-jury) before a United States Magistrate Judge?**[1]

No. The parties do not consent at this time.

4. **Proposed plan and schedule for discovery:**

The parties agreed to exchange Rule 26(a)(1) disclosures on or before March 15, 2025. Counsel for Plaintiff requested more time than he normally would have because he is set for trial in another case on March 3, 2025. Thereafter, the parties

---

[1] Before responding to this question, counsels are directed to carefully review the provisions of 28 U.S.C. § 636(c) and, specifically, section 636(c)(3).

agree to proceed under the Federal Rules of Civil Procedure, and they do not have any modifications to the Rules to suggest or request at this time except for the issue concerning ESI mentioned in section 6, below.

5. **Proposed limitations on discovery, if any:**

    None at this time.

6. **Other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' positions on a consolidated discovery schedule:**

    The parties expect to enter into an agreed protective order and/or confidentiality order prior to exchanging document productions and written discovery responses.  Plaintiff will want to designate medical records and HIPAA "protected health information" as confidential for purposes of all pretrial proceedings." Defendant intends to designate information as confidential if it falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (g) employee and former employee personnel, employee relations, human resource, ethics and compliance, and other employment records of a confidential nature.

3

Regarding the parties' positions on a consolidated discovery schedule, this does not appear to be applicable in this case because it is not one where two or more cases have been consolidated.

7. **Are the parties considering mediation or arbitration to resolve this litigation, and if not, why not?**[2]

    Yes. The parties are considering mediation.

8. **Other matters relevant to the status and disposition of this case:**

    Defendant contends that Plaintiff named the wrong corporate entity as the defendant, and that the correct entity is Raytheon Company. Plaintiff agrees that the caption should be changed to name Raytheon Company as defendant in place of RTX Corporation. If the Court has a preference concerning a procedure the parties should follow to make this happen, the parties request guidance from the Court on this.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

Respectfully submitted,

---

[2] The Court encourages the early use of mediation or arbitration.

4

>SEYFARTH SHAW LLP
>
>/s/ Esteban Shardonofsky
>
>Esteban Shardonofsky
>Texas Bar No. 24051323
>sshardonofsky@seyfarth.com
>Jason M. Torres (pro hac vice admission)
>jtorres@seyfarth.com
>SEYFARTH SHAW LLP
>700 Milam Street, Suite 1400
>Houston, Texas 77002-2812
>Telephone:  (713) 225-2300
>Facsimile:   (713) 225-2340
>
>Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that on February 21, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

>/s/ Donald E. Uloth
>Donald E. Uloth

5