UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAILA BERNARD,<br><br>        Plaintiff,<br><br>    v.<br><br>RTX CORPORATION, f/k/a RAYTHEON TECHNOLOGIES CORPORATION<br><br>        Defendant. | Case No. 3:24-cv-02944-X |

## JOINT AGREED MOTION FOR EXTENSION OF TIME

Plaintiff Shaila Bernard and Defendant Raytheon Company[1] jointly move for a modification of the scheduling order by extending the fact discovery deadline by sixty days, and modifying the subsequent deadlines to accommodate the extension. There is good cause to modify the scheduling order, as shown by the following facts:

    1.    This is a case involving Defendant's alleged wrongful termination of Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. § 2000e-5(f)(3), as amended.

    2.    The parties have worked diligently and cooperatively through fact discovery. The parties have exchanged written discovery requests and responses, voluminous document productions, subpoenaed and reviewed records from five third parties, identified all necessary depositions, and are currently engaged in settlement negotiations and scheduling witness depositions in the event settlement discussions are unsuccessful.

    3.    The parties are scheduled for a mediation with mediator Courtenay Bass on November 18, 2025. The parties attempted to schedule a mediation to be completed in October

---

[1] Defendant Raytheon Company, a wholly-owned subsidiary of RTX Corporation that is Plaintiff's former employer and the proper Defendant, is incorrectly identified in the caption as RTX Corporation.

2025, but the earliest mutual availability for the mediator and all parties was November 18, 2025. Mediation scheduling and the completion of the remaining fact discovery was further complicated by an unexpected and ongoing medical emergency in the family of Plaintiff's counsel (daughter has been in the hospital for the last three weeks, and it remains unknown when she will be released).

    4.    Currently, fact discovery closes on October 17, 2025, and the parties' mediation deadline is October 31, 2025.

    5.    The parties respectfully seek an extension of the mediation deadline until and including November 30, 2025, and a sixty-day extension of the fact discovery deadline, up to and including December 17, 2025, for the purpose of exhausting the ongoing settlement discussions through formal mediation on November 18, 2025, and if necessary, completing all remaining depositions and discovery, obtaining the deposition transcripts, and addressing any additional issues raised by the depositions.

    6.    The parties acknowledge that the proposed extension of the discovery deadline will likely impact other deadlines in this matter, including the current trial setting of March 16, 2026. Accordingly, the parties respectfully request and propose that all subsequent deadlines and settings in the February 24, 2025, Scheduling Order [Dkt. 14] be similarly modified, including: the summary judgment deadline (November 14, 2025), joint pretrial order deadline (March 2, 2026), pretrial conference (March 9, 2026), and trial date (March 16, 2026). The parties respectfully request these remaining case management dates be modified and extended by approximately sixty days, or subject to the availability of the Court.

    7.    This is the parties' first motion for a modification of the February 24, 2025, Scheduling Order and there are no other pending motions at this time.

8.      This motion is not being made for the purposes of delay or any other improper purpose, but rather for the purpose of affording the parties sufficient time to address the unexpected, emergency medical concerns of Plaintiff's counsel, exhaust settlement efforts, and to complete the remaining necessary fact discovery if a resolution is not first achieved.

### Argument and Authorities

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a schedule may be modified "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The trial court's "judgment range is exceedingly wide" in considering a motion for continuance, to be reviewed under an abuse of discretion standard. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986). Additionally, Rule 6(b) of the Federal Rules of Civil Procedure provides Courts authority to extend time upon showing of good cause. FED. R. CIV. P. 6(b); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).

WHEREFORE, the parties respectfully request that the Court grant their Joint Agreed Motion for Extension of Time by extending the fact discovery deadline by sixty days, and modifying the subsequent deadlines and settings as set forth herein.

DATED:  October 14, 2025

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Jason M. Torres*
　　Esteban Shardonofsky
　　Texas Bar No. 24051323
　　sshardonofsky@seyfarth.com
　　Jason M. Torres
　　jtorres@seyfarth.com
　　SEYFARTH SHAW LLP
　　700 Milam Street, Suite 1400
　　Houston, Texas 77002-2812
　　Telephone:  (713) 225-2300
　　Facsimile:   (713) 225-2340

　　ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing document was served upon the person(s) listed below via the Court's CM/ECF electronic filing system on this 14th day of October, 2025:

      Donald E. Uloth
      Law Office of Donald E. Uloth
      182028 Preston Road, Suite D-9 #261
      Dallas, Texas 75252

      ATTORNEY FOR PLAINTIFF

                                                  */s/ Jason M. Torres*
                                                  Jason M. Torres

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SHAILA BERNARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RTX CORPORATION, f/k/a RAYTHEON TECHNOLOGIES CORPORATION<br><br>　　　　Defendant. | Case No. 3:24-cv-02944-X |

## ORDER

On this day the Court considered the parties' Joint Agreed Motion for Extension of Time.

The Court finds that the Motion should be **GRANTED**.

It is, therefore, **ORDERED** that the parties Joint Agreed Motion for Extension of Time is **GRANTED**.

Dated this ___ day of _____, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE